*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0443**

Sin Santo Bad, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 10, 2014
Affirmed
Stauber, Judge**

Sherburne County District Court
File No. 71CR091655

Sin Santo Bad, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Tim Sime, Assistant County Attorney, Elk River, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Chutich, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellant challenges a postconviction decision rejecting a claim that his burglary conviction is invalidated by *United States v. Jones*, 132 S. Ct. 945, 949 (2012), which

holds that Fourth Amendment privacy interests are implicated by police installation of a tracking device on a vehicle. Because appellant's employer consented to the search of the company-owned vehicle that appellant was using at the time of the offense, *Jones* does not alter appellant's conviction, and we affirm.

## FACTS

Pro se appellant Sin Santo Bad was arrested during commission of a residential burglary in September 2009. Appellant had become a suspect in several local burglaries after a witness observed a suspicious vehicle with a license plate derived from appellant's distinctive name. Police contacted appellant's employer and obtained permission to install a global positioning satellite (GPS) tracking device on the company-owned truck that appellant used at work. On the date of the offense, police both followed appellant and tracked his movements with the GPS devise as he committed the burglary. He was tried on stipulated facts and convicted of first-degree burglary after the district court denied appellant's pretrial motion to suppress evidence obtained during the warrantless search.

In appellant's direct appeal, this court affirmed. *State v. Bad*, No. A11-0013, 2011 WL 7033745 (Minn. App. Jan. 17, 2012), *review denied* (Minn. Mar. 28, 2012). We addressed whether placement of the GPS device on appellant's work vehicle constituted a violation of appellant's Fourth Amendment privacy rights and we concluded that it did not because appellant's employers had the authority to consent to a search of a company vehicle and did consent to placement of the GPS device on the vehicle appellant used. *Id.* at *2-3.

2

While appellant's petition for further review was pending before the Minnesota Supreme Court, the United States Supreme Court decided *Jones*, which held that "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search' [under the Fourth Amendment.]" 132 S. Ct. at 949 (footnote omitted).

Appellant then petitioned for postconviction relief, asserting that under *Jones* he was entitled to reversal of his conviction, and that his trial and appellate counsel were ineffective. The postconviction court denied relief without holding an evidentiary hearing, ruling that any new interpretation of Fourth Amendment rights following *Jones* did not affect appellant's conviction because appellant's employer consented to the search, and "[c]onsent is a well-recognized exception to the [Fourth Amendment] warrant requirement." The postconviction court also ruled that appellant's claim of ineffective assistance of trial counsel was procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), and rejected his claim of ineffective assistance of appellate counsel because appellant "failed to articulate how the performance of appellate counsel caused prejudice to [appellant's] case."

In this appeal, appellant submitted different briefs to this court and to respondent the state; both briefs address only the claimed Fourth Amendment violation. We therefore decline to address appellant's ineffective assistance of counsel claims.

## DECISION

The United States and Minnesota Constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A warrantless search is

presumptively unreasonable under the Fourth Amendment unless it falls within a recognized exception to the warrant requirement. *State v. Milton*, 821 N.W.2d 789, 798 (Minn. 2012). One recognized exception is that "police do not need a warrant if the subject of the search consents." *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014).

This court previously addressed whether appellant's employer had the authority to consent to a search of the company truck that appellant was using at the time of the burglary offense, stating:

> A third party has actual authority to consent to a search if that person has "common authority over or other sufficient relationship to the premises or effects sought to be inspected." This principle of common authority rests on mutual use of the property by persons who, for most purposes, have joint access or control. . . .
>
> The company owner and the office manager consented to police installing the GPS device on the truck. The truck was titled in the name of the company and one of the company's owners, the company maintained control over the truck, and appellant used the truck only for work and did not have his own set of keys for the truck. The only information that police obtained from the GPS device was the truck's location. Under these circumstances, the company owner and the office manager had authority to consent to placing the GPS device on the truck. Because the officers obtained their consent before placing the GPS device on the truck, no warrant was required, even if using the GPS device was a search.

*Bad*, 2011 WL 7033745 at *2-3 (citations omitted). On these facts, this court concluded that the consent exception to the warrant requirement applied and did not further analyze

4

whether the use of a GPS device constituted a search under the Fourth Amendment. *Id.* at *2.

Although *Jones* was released while appellant's direct appeal was pending in the Minnesota Supreme Court, the holding of *Jones* is limited: "The Government's attachment of [a] GPS device to [a] vehicle, and its use of that device to monitor the vehicle's movements, constitutes a search under the Fourth Amendment." *Jones*, 132 S. Ct. at 946 (quoting syllabus). *Jones* does not alter the well-established exception that a party may consent to a search that would otherwise violate the Fourth Amendment. *See Brooks*, 838 N.W.2d at 568. As such, *Jones* did not affect this court's decision in appellant's direct appeal that appellant's employer's consent to the use of a GPS device to track appellant's truck did not implicate appellant's Fourth Amendment privacy rights. Because *Jones* is not controlling under the facts of this case and because this court previously decided that appellant's employer could and did voluntarily consent to the search, appellant is barred from raising the same issue in this appeal. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741 (stating that "where direct appeal has once been taken, all matters raised therein . . . will not be considered upon a subsequent petition for postconviction relief").

**Affirmed**.

5